UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARK DENNIS WEBB AND                                                                          PLAINTIFFS
LISA HARRINGTON WEBB

V.                                                                  CIVIL ACTION NO. 3:21-CV-753-DPJ-FKB

SOUTHEASTERN GROCERS, INC.;                                                                   DEFENDANTS
SOUTHEASTERN GROCERS, LLC; SE
GROCERS, LCC; AND WINN-DIXIE
MONTGOMMERY, LLC

ORDER

Plaintiffs Mark Dennis Webb and Lisa Harrington Webb sued Defendants for failing to hire Mr. Webb when he applied for 14 different positions in Defendants' grocery stores. Defendants moved to require a more definite statement under Federal Rule of Civil Procedure 12(e). Mot. [10]. As explained below, the Court grants the motion in part.

I.      Factual Background

Mr. Webb worked for Defendants from 2005 to 2017, when he voluntarily resigned, and then from March 2019 to June 2020, when he was fired. Compl. [1] ¶¶ 9–13. When terminated, he was a "Fresh Manager," having previously worked as a "Customer Services Manager" and a "Grocer Manager." *Id.* ¶¶ 11, 13. In August 2020, Mr. Webb filed an EEOC charge against Defendants alleging age-, sex- and race-based discrimination. *Id.* ¶ 17. The Webbs then filed suit against Defendants in the Circuit Court of Lauderdale County on December 21, 2020, and, on January 19, 2021, the case was removed to federal court, where it is still pending before another district judge. *See id.* ¶ 18; *Webb v. SE Grocers, LLC*, 3:21-CV-38-HTW-LGI.

After filing the first suit, Mr. Webb applied for 14 open positions with Defendants.[1] Compl. [1] ¶ 19.  Yet he "received no interview, response, or explanation of why he was not being considered."  *Id.* ¶ 22.  Feeling aggrieved, Mr. Webb filed a second EEOC Charge for retaliation and race discrimination on July 2, 2021.  *Id.* ¶ 30.  The Webbs then filed this suit asserting claims based on the alleged refusal to re-hire Mr. Webb.  Rather than answer the Complaint, Defendants moved for a more definite statement.

II.     Standard

"A party may move for a more definite statement [when] a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Few Fifth Circuit cases explore these standards beyond quoting the rule, but other circuits have noted that "[n]ormally . . . the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail."  *Thorp v. District of Columbia*, 309 F.R.D. 88, 90 (D.D.C. 2015) (quoting *Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 110 (D.D.C. 2003)).  The rule is not "a judicial demand for fact pleading"; it is, instead, "the right way to ask plaintiffs to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively."  *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017); *accord Sisk v. Tex. Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981).  Thus, "it is universally assumed that . . . the only information [that is] obtainable is that which is necessary to frame a responsive pleading."  Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (3d ed. 2022).

---

[1] The positions were:  bakers associate, customer-service associate, bagger, temporary associate, produce associate, grocery associate, deli associate, deli associate "FT," self-checkout associate, cake decorator, seafood associate, floor-care associate, cashier associate, and night stocker. Compl. [1] ¶ 39.

III.     Analysis

Defendants argue that the Webbs' Complaint is faulty because it lacks "'short and plain statement[s]' to support this Court's jurisdiction" and show an entitlement to relief.  Mot. [10] at 2.

    A.     Jurisdiction

The Webbs apparently had state court in mind when they drafted the jurisdictional section of their Complaint; they addressed jurisdiction in the Circuit Court of Lauderdale County, Mississippi.  *See* Compl. [1] ¶¶ 7–8.  So, while it may seem nitpicky, the Complaint never states the jurisdictional basis for suit in this Court as Federal Rule of Civil Procedure 8(a)(1) requires.  The Webbs failed to address this shortcoming in their response, and the Court finds that a more definite statement must be filed.

    B.     Right to Relief

The Complaint features five counts:  (1) EEOC Charge, (2) Infliction of Emotional Distress, (3) Retaliation, (4) Race Discrimination, and (5) Loss of Consortium.  *See* Compl. [1] ¶¶ 29–53.  Defendants say that Counts I and IV are "vague and ambiguous."  Mot. [10] at 5.

Starting with Count I, Defendants correctly observe that an "EEOC Charge" is not a cause of action, and it is not apparent what Count I asserts.  *See* Defs.' Mot. [10] at 5 n.1.  So, to the extent the Webbs intended to state a separate claim in this count, they have not done so and must provide a more definite statement.

Count IV is trickier.  To begin, Defendants correctly observe that Plaintiffs failed to indicate the legal basis for the race-discrimination claim in Count IV.  Defs.' Mot. [10] at 5. More than one federal statute could apply, and the requirements for those statutes are not

coterminous.² Knowing the statutory (or other) basis for this claim is necessary for Defendants to answer and assert appropriate defenses. It also impacts the Court's ability "to handle the litigation effectively." *Chapman*, 875 F.3d at 849. Accordingly, Plaintiffs are instructed to provide a more definite statement regarding the legal basis for this claim.

Defendants also say Count IV violates Rule 8(a)(2) because Plaintiffs failed to provide a short and plain statement establishing a prima facie case of race discrimination under the *McDonnell Douglas* framework. According to Defendants:

> To set forth a claim of discrimination under the *McDonnell Douglas* framework, a plaintiff must allege that he is (1) "a member of a protected class; (2) qualified for the positions; (3) [was] subject to an adverse employment action; and (4) replaced by someone outside the protected class or, if alleging disparate treatment, that others similarly situated were treated more favorably."
>
> . . .
>
> [I]t is clear [Plaintiffs] ha[ve] not set forth a short and plain statement with respect to the first element of a discrimination claim – that [Mr. Webb] is a member of a legally-protected category. . . .
>
> Plaintiffs likewise fail to plead any facts relating to the second element: whether [Mr.] Webb was qualified for the jobs to which he applied. . . .
>
> Finally, Plaintiffs' Complaint does not contain any information about the individuals, if any, Defendants hired for the positions to which [Mr. Webb] applied.

Defs.' Mot. [10] at 4–6 (quoting *Hawkins v. AT&T*, No. 3:12-CV-1173-L, 2013 WL 4505154, at *5 (N.D. Tex. Aug. 23, 2013)).

As an initial matter, Defendants go too far suggesting that Plaintiffs must plead each element under *McDonnell Douglas* because "a plaintiff 'need not plead a prima facie case of discrimination' in order to survive a motion to dismiss." *Besser v. Tex. Gen. Land Off.*, 834 F. App'x 876, 881 (5th Cir. 2020) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515

---

² The Court declines to say more as it is Plaintiffs' responsibility to elect their theories.

4

(2002)). Instead, a disparate-treatment claim satisfies Rule 8 when a plaintiff plausibly pleads: "(1) an adverse employment action, (2) taken against a plaintiff *because* of her protected status." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 599–600 (5th Cir. 2021) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019)). That said, conclusory allegations of causation will not do. *Id.* at 600–01. The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Count IV sufficiently pleads the first element—an adverse employment action. Plaintiffs allege that Mr. Webb was "refused employment at Defendants' stores despite submitting fourteen (14) applications for available positions." Compl. [1] ¶ 48. "Failure to hire is an adverse employment action." *Thomas v. Tregre*, 913 F.3d 458, 463 (5th Cir. 2019), *as revised* (Jan. 25, 2019).

As such, the remaining question is whether the Complaint contains a plausible allegation that the adverse action was taken because of Mr. Webb's protected status. Defendants first say Plaintiffs never provided "a short and plain statement . . . that [Webb] is a member of a legally-protected category." Defs.' Mem. [10] at 5. That's inaccurate. The Complaint plainly states that Webb is "White." Compl. [1] ¶ 25; *see also id.* ¶ 46 (incorporating previous paragraphs into Count IV). As for causation, Plaintiffs plead that Defendants "continued to seek applicants possessing [Mr. Webb's] qualifications," *id.* [1] ¶ 26, and that, "due to circumstances involving the previous replacement of Plaintiff Mark Webb by someone of a different race and Defendants not providing information regarding other applicants—individuals of a different race appear to have been chosen over Plaintiff Mark Webb," *id.* ¶ 28.

5

These allegations are admittedly thin.  But "a court errs when it . . . 'inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis.'"  *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1210 (5th Cir. 2021) (quoting *Cicalese*, 924 F.3d at 766, 768).  Plaintiffs' causation allegations are not mere conclusions, nor are they so ambiguous as to be unintelligible:  No additional information is needed for Defendants to form a responsive pleading.

IV.     Conclusion

The Court has considered all arguments; any not addressed would not have changed this result.  Defendants' motion [10] is granted in part and denied in part.  Within seven days of this Order, the Webbs should file a more definite statement.[3]  That statement should clarify the Webbs' asserted bases for this Court's jurisdiction, as noted above, and, should the Webbs so desire, identify and plausibly plead the cause of action they intended to pursue in Count I.  They must also state the legal basis for Count IV.  Defendants' responsive pleading will be due seven days after Plaintiffs serve and file their more definite statement.  Defendants' motion is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 25th day of May, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The statement will supplement the Webbs' Complaint.  *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001); *cf. Zantiz v. Seal*, 602 F. App'x 154, 157 n.2 (5th Cir. 2015).